**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 29 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>v.<br><br>LAMAR NOLAN RYAN,<br><br>    Defendant - Appellant. | No. 25-7060<br><br>D.C. No.<br>3:23-cr-00291-WHO-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
William H. Orrick, District Judge, Presiding

Submitted June 22, 2026**

Before:     CANBY, BENNETT, and BADE, Circuit Judges.

Lamar Nolan Ryan appeals from the district court's judgment and

challenges the 81-month sentence imposed upon remand for resentencing

following his conviction for being a felon in possession of a firearm and

ammunition in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and we affirm.

Ryan contends the district court should have continued the sentencing hearing to allow him to obtain a mental health evaluation to establish his genuine rehabilitation and remorse. We review this claim for abuse of discretion. *See United States v. Rivera-Guerrero*, 426 F.3d 1130, 1138 (9th Cir. 2005).

The district court did not abuse its discretion. As the court explained, an evaluation was not necessary to help it understand Ryan's rehabilitative efforts, which it described favorably in explaining why it chose to impose a sentence within the lowered Guidelines range, rather than varying upward as the government requested. On this record, Ryan has not shown that a continuance would have resulted in a useful purpose or that the denial of the continuance prejudiced him. *See id.* at 1138-39 (describing factors to be considered in assessing whether the district court abused its discretion in denying a continuance). Because the court's denial of a continuance was neither arbitrary nor unreasonable, we affirm. *See id.* at 1138.

**AFFIRMED.**